# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENDWARD ALTON MIXON, JR., | Case No.: 1:16-cv-01868-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL |
| v. | |
| H. TYSON, et al., | (ECF No. 9) |
| Defendants. | |

Plaintiff Lendward Alton Mixon, Jr., is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 6.)

On May 15, 2017, Plaintiff filed a motion for the appointment of counsel. (ECF No. 15.) Plaintiff asserts that he is receiving mental health treatment, has been admitted to the hospital, and he does not have access to his legal property. Plaintiff seeks legal representation as a result.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases involving allegations of deliberate indifference to serious medical needs by prisoners proceeding pro se almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not yet been screened as required, and thus the case does not yet proceed on any cognizable claims. Also, based on a review of the limited record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel (ECF No. 9) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **May 18, 2017**        /s/ *Barbara A. McAuliffe*
                                UNITED STATES MAGISTRATE JUDGE