# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENDWARD ALTON MIXON, JR., | Case No. 1:16-cv-01868-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| v. | |
| H. TYSON, et al., | FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS |
| Defendants. | |
| | (ECF No. 14) |
| | **FOURTEEN-DAY DEADLINE** |

Plaintiff Lendward Alton Mixon, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 4, 2017, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 13.) Plaintiff's first amended complaint, filed on December 21, 2017, is currently before the Court for screening. (ECF No. 14.)

**I. Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

1

relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at California State Prison, Sacramento in Represa, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at California State Prison, Corcoran (SATF). Plaintiff asserts claims for deliberate indifference to medical needs in violation of the Eighth Amendment against the following defendants: (1) Dr. Metts; (2) Correctional Officer Jiminez; and (3) Commissioner, California Department of Corrections and Rehabilitation ("CDCR").

Plaintiff alleges as follows: On March 5, 2016, Plaintiff was rehoused to Facility "C" 5 Block and assigned to an upper/top bunk. At the time, Plaintiff informed Correctional Officer Jiminez that he was a member of the Americans with Disabilities Act and was having a hard time getting up and down from the upper/top bunk. Plaintiff showed Correctional Officer Jiminez the severity of his disability and asked if he could be assigned a bottom bunk as custody is responsible for the bunk assignments. Correctional Officer Jiminez stated that he would not

attempt to acquire Plaintiff a bottom bunk, and if Plaintiff wanted one, then he would have to speak with medical personnel.

Three days later, on May 9, 2016, while attempting to get off of his assigned upper/top bunk, Plaintiff sustained a fall, injuring his lower back, after his disabled leg gave out from under him. Plaintiff was rushed to the treatment center, where he was treated and released.

Due to the fall, Plaintiff submitted a 602 institutional grievance form on May 10, 2016, requesting a bottom bunk accommodation chrono. Plaintiff waited twenty-four days to receive a response to the grievance. The grievance was rejected on June 3, 2016, without a medical evaluation, and Plaintiff was directed to submit a medical request to see a doctor.

A medical request was submitted, and Plaintiff was seen by R.N. Lindsey on June 7, 2016. Plaintiff was scheduled to see a doctor on June 17, 2016. On the scheduled date, Plaintiff was seen by Dr. Metts, at which time Plaintiff explained that he suffered from a severe disability to his right leg. Plaintiff also informed Dr. Metts of the recent fall during which he sustained a lower back injury. Plaintiff requested an accommodation chrono because his right leg was extremely weak, he suffered from atrophy, and he had fallen once and injured himself. Dr. Metts examined Plaintiff and stated that he would speak to custody to determine what he would do with regard to an accommodation chrono. Plaintiff then informed Dr. Metts that it was an urgent matter because he was currently housed on an upper/top bunk and was seeking to prevent another fall. Dr. Metts stated he would get back to Plaintiff, and Plaintiff was sent back to his housing unit without an accommodation chrono.

For the next three weeks, Plaintiff slept on the floor waiting for Dr. Metts to call him back. However, due to bugs crawling on him, Plaintiff had to return to sleeping in his assigned upper/top bunk. On August 5, 2016, two weeks after returning to his assigned bunk, Plaintiff suffered another fall after his disabled leg gave out under him. Plaintiff sustained a fractured bone in his right foot. He was finally awarded an accommodation chrono after filing another grievance.

Plaintiff seeks declaratory and injunctive relief, along with compensatory and punitive damages.

### III. Discussion

**A. Supervisory Liability – Commissioner, CDCR**

To the extent Plaintiff seeks to impose liability on the Commissioner based on a theory of supervisory liability, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Thus, a supervisor's participation can include his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Starr, 652 F.3d at 1205–06. Supervisory officials "cannot be held liable unless they themselves" violated a constitutional right. Iqbal, 556 U.S. at 676.

Plaintiff's general allegation that the Commissioner is "legally responsible for the overall operation of the department and each institution . . . including California State Prison/Corcoran" is insufficient to state a claim. (ECF No. 14 at p. 9.) Plaintiff's allegation relates only to the Commissioner's supervisory role, and he has not alleged facts showing that the Commissioner participated in or directed the alleged violations or knew of the alleged violations and failed to prevent them. The Court will therefore recommend that Defendant Commissioner be dismissed from this action.

**B. Eighth Amendment – Deliberate Indifference to Medical Needs**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a

4

'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must actually make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

"Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The indifference must be substantial, and "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980).

At the pleading stage, the Court finds that Plaintiff has stated a cognizable Eighth Amendment claim against Defendants Jiminez and Metts for deliberate indifference to a serious medical need.

### C. Declaratory Relief

Plaintiff seeks a declaration that his rights were violated by defendants. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

In the event that this action reaches trial and the trier of fact returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that a defendant violated Plaintiff's rights is unnecessary, and the Court will recommend that Plaintiff's request for declaratory relief be denied.

### D. Injunctive Relief

Plaintiff seeks injunctive relief. However, Plaintiff is no longer housed at California State Prison, Corcoran (SATF) where he alleges the incidents at issue occurred, and where Defendants

Jiminez and Metts are employed. Therefore, any injunctive relief he seeks against officials at California State Prison, Corcoran (SATF) is moot. See Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")). The Court will therefore recommend that Plaintiff's request for injunctive relief be denied.

**IV.     Conclusion and Recommendation**

The Court finds that Plaintiff has stated a cognizable Eighth Amendment claim against Defendants Jiminez and Metts for deliberate indifference to serious medical needs. However, Plaintiff has failed to state any other cognizable claims. The remaining deficiencies in his complaint cannot be cured by amendment, and thus further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Further, it is HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's Eighth Amendment claim against Defendants Jiminez and Metts for deliberate indifference to serious medical needs in violation of the Eighth Amendment as set forth in his First Amended Complaint filed on December 21, 2017;
2. Plaintiff's request for injunctive and declaratory relief be denied; and
3. All other claims and defendants be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the

magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 22, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE