UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENDWARD ALTON MIXON, JR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>H. TYSON, et al.,<br><br>　　　　Defendants. | No. 1:16-cv-01868-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION<br><br>(Doc. No. 34)<br><br>**FOURTEEN-DAY DEADLINE** |

**I.　　Introduction**

Plaintiff Lendward Alton Mixon, Jr., is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on Plaintiff's first amended complaint against Defendants Jiminez and Metts for deliberate indifference to serious medical needs in violation of the Eighth Amendment. The events at issue occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility and State Prison, in Corcoran, California.

Currently before the Court is Plaintiff's filing titled, "Motion to Make Court Aware of Circumstances in Regards to Discovery," filed on January 16, 2019. (Doc. No. 34.) Plaintiff states that when he returned from a November 16, 2018 settlement conference in this case, correctional officers Aboytes and Figueroa at California State Prison-Sacramento ("CSP-Sac") had confiscated his discovery paperwork, and he has not obtained it as of January 8, 2019. He

1

states that he has filed an institutional grievance on the matter and is awaiting a response. Plaintiff seeks a court order that the officers be compelled to return his paperwork.

The Court liberally construes Plaintiff's filing as a motion seeking a preliminary injunction against prison officials at CSP-Sac to return his legal property. The Court addresses the motion without need of Defendants' response. Local Rule 230(l).

**II.  Discussion**

    **A.  Legal Standard**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

"[A] court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969); *SEC v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007). Similarly, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969.

    **B.  Analysis**

Here, Plaintiff seeks an injunction against prison officials who are not parties to this action, and on issues not related to the substance of his claim, which the Court is without jurisdiction to grant. Further, Plaintiff has not made the clear showing that it is necessary to issue injunctive relief in this matter. His brief filing only shows that he is currently working on obtaining his legal property from prison officials through the grievance process.

Discovery has only recently opened in this case on November 19, 2018 (Doc. No. 33), and there remains about six months left of the period to complete discovery. There should be ample time for Plaintiff to obtain his materials again and continue his work on discovery in this case. Should Plaintiff be extraordinarily delayed, he may seek an extension of time by filing a motion on good cause shown. Defense counsel is also encouraged to facilitate the return of Plaintiff's legal property to the extent possible, which may help avoid delays in these proceedings. These current circumstances are not sufficient for the extraordinary remedy of court interference in prison administration.

## III. Recommendation

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction (Doc. No. 34) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 18, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE