UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENDWARD ALTON MIXON, JR., | Case No. 1:16-cv-01868-DAD-BAM (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER |
| v. | |
| TYSON, et al., | (ECF No. 47) |
| Defendants. | |

Plaintiff Lendward Alton Mixon, Jr. is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 1, 2019, Defendants Jimenez and Metts filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his available administrative remedies prior to filing suit. (ECF No. 39.) On April 8, 2019, Plaintiff filed an opposition to Defendants' summary judgment motion. (ECF No. 44.) On April 15, 2019, Defendants filed a reply. (ECF No. 45.)

Pursuant to the Court's November 19, 2018 discovery and scheduling order, the deadline for the completion of all discovery is July 19, 2019, and the deadline for filing all dispositive motions is September 30, 2019. (ECF No. 33.)

Currently before the Court is Defendants' motion to modify the discovery and scheduling order, filed on July 3, 2019. (ECF No. 47.) The Court finds a response from Plaintiff is unnecessary and the motion is deemed submitted. Local Rule 230(l).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably

be met despite the diligence of the party seeking the extension." Id.  If the party was not diligent, the inquiry should end.  Id.

Defendants argue that good cause exists to modify the discovery and dispositive motion deadlines because defense counsel was reasonably diligent in bringing the pending exhaustion-based motion for summary judgment, but the Court is unlikely to issue a final ruling on the summary judgment motion before the discovery cut-off.  Further, since the pending summary judgment motion will dispose of the case if the motion is granted, reasons of economy and efficiency of resources warrant granting the instant motion to modify the discovery and scheduling order.  Finally, Defendants state that Plaintiff will suffer no prejudice if the instant motion is granted.

Having considered Defendants' request, the Court finds good cause to modify the discovery and dispositive motion deadlines.  Defendants have been diligent in filing the potentially dispositive exhaustion-based summary judgment motion, and it would be a waste of the resources of the Court and the parties to require the parties to conduct potentially unnecessary discovery or to file potentially unnecessary dispositive motions.  Further, Plaintiff will not be prejudiced by any modification, as the Court will reset the applicable deadlines, if necessary, after Defendants' exhaustion-based summary judgment motion is decided.

Based on the foregoing, Defendants' motion to modify the discovery and scheduling order, (ECF No. 47), is HEREBY GRANTED.  The discovery and dispositive motion deadlines are VACATED.  If necessary, the Court will reset the deadlines following the resolution of Defendants' pending exhaustion-based summary judgment motion.

IT IS SO ORDERED.

Dated: **July 9, 2019**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE