UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENDWARD ALTON MIXON, JR.,<br><br>Plaintiff,<br><br>v.<br><br>H. TYSON, et al.,<br><br>Defendants. | No. 1:16-cv-01868-DAD-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(Doc. Nos. 39, 50) |

Plaintiff Lendward Alton Mixon, Jr. is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 30, 2019, the assigned magistrate judge issued findings and recommendations, recommending that the motion for summary judgment filed on behalf of defendants Metts and Jimenez be granted due to plaintiff's failure to exhaust his administrative remedies prior to filing suit as is required. (Doc. No. 50.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service of the findings and recommendations. (*Id*. at 13.) On November 15, 2019, plaintiff timely filed written objections to the findings and recommendations. (Doc. No. 51.)

1         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections to the findings and recommendations, the court finds the findings and recommendations to be supported by the record and by proper analysis.

        The pending findings and recommendations conclude that plaintiff failed to exhaust his administrative remedies prior to filing suit with regard to his claim for deliberate indifference to his serious medical needs. (Doc. No. 50 at 12.) Specifically, plaintiff submitted two health care inmate appeals related to his requests to be assigned to a lower bunk to accommodate his disabled leg. (*Id.*) Plaintiff's first health care appeal, SATF-HC-16063382, which referenced plaintiff falling from his assigned upper bunk and requested assignment to a bottom bunk, was rejected on June 3, 2016, however, a "rejection decision does not exhaust administrate remedies." (*Id.* at 8–9; *see also* Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7(d)(3).) Plaintiff did not attempt to cure the defects in his first inmate appeal that resulted in its rejection and no further submissions of that inmate appeal were made by plaintiff. (Doc. No. 50 at 9.) Thus, the magistrate judge found that plaintiff failed to exhaust his administrative remedies on his first health care related inmate appeal. Plaintiff's second health care inmate appeal, SATF-HC-16063767, which referenced plaintiff's second fall from his upper bunk and requested a lower-tier and bunk chrono, was granted at the second level of review on September 21, 2016, but plaintiff submitted that decision to the third level for review on October 5, 2016. (*Id.* at 9, 11–12). While plaintiff's inmate appeal to the third level was pending, he filed his original complaint in this action on December 14, 2016. Plaintiff's inmate appeal was denied at the third level on January 17, 2017—after he filed his original complaint in this action. (*Id.*) Accordingly, the magistrate judge found that plaintiff also failed to exhaust his administrative remedies prior to filing suit with regards to his second health care inmate appeal.

        In his objections to the pending findings and recommendations, plaintiff asserts that although he submitted his second health care inmate appeal to the third level of review, he was not dissatisfied with the decision granting his requests at the second level of review. (Doc. No. 51 at ¶¶ 5, 8.) Rather, plaintiff contends that "[t]he statement to the director/third level was

2

seeking to inform the administration that plaintiff suffered from a permanent disability" and he was "making a statement to the director's level seeking clarity . . .." (*Id.* at ¶ 8.) As noted by the magistrate judge, however, after receiving notice that his requests to be assigned to a bottom bunk on the ground floor were granted by the institutional (second) level of review, plaintiff submitted a CDCR 602 HC appeal form for a third level review. (Doc. No. 50 at 11–12.) This form directed plaintiff to explain why he is dissatisfied with the institutional level response, and he stated that "temporary lower bunk lower tier chrono has been granted. I suffer from severe nerve and musle [*sic*] damage which is permanent a temporary solution is not what this situation calls for when I suffer from permanent damages." (Doc. No. 39–4 at 26.) The undersigned agrees with the magistrate judge's conclusion that "the evidence before the Court establishes that Plaintiff was not satisfied with the Institutional, or second, level grant of relief and that there was *some* relief available at the Headquarters', or third, level of review. (Doc. No. 50 at 12.) Plaintiff's inmate appeal was denied at the third level on January 17, 2017, and it was at that point he had exhausted his administrative remedies. (Doc. No. 39–4 at 3, ¶ 9.) Because plaintiff filed his original complaint in this civil action on December 14, 2016, the undersigned agrees with the magistrate judge's finding that plaintiff failed to exhaust his administrative remedies prior to filing suit as is required.

Accordingly,

1. The findings and recommendations issued on October 31, 2019 (Doc. No. 50) are adopted in full;
2. Defendants' motion for summary judgment based upon plaintiff's failure to exhaust his administrative remedies, with respect to the claims presented in this action, prior to filing suit as required (Doc. No. 39) is granted;
3. This case is dismissed without prejudice;
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **December 16, 2019**

UNITED STATES DISTRICT JUDGE

3